FILED
United States Court of Appeals
Tenth Circuit

December 1, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL CANO,

Defendant - Appellant.

No. 09-4159
(D. Ct. Nos. 2:09-CV-00658-TC and
2:00-CR-00326-TC)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Daniel Cano, a federal prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal from the dismissal of his habeas petition brought

pursuant to 28 U.S.C. § 2255. The district court dismissed his petition as untimely. We

take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Cano's request for a COA, and

DISMISS this appeal.

**I. ANALYSIS**

On November 1, 2001, Mr. Cano pleaded guilty to one count of threatening to

murder a federal law enforcement officer; one count of mailing threatening

---

[*]This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

communication, aiding and abetting; and one count of mailing threatening communication. He was sentenced to 115 months to run consecutive with all sentences imposed in state or federal court and 36 months of supervised release. The court entered judgment on August 27, 2002. Mr. Cano did not file an appeal.

On July 28, 2009, Mr. Cano filed his § 2255 petition. The district court denied Mr. Cano's petition as untimely, and he now seeks a COA. Because the district court denied Mr. Cano's petition on procedural grounds, he must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Under 28 U.S.C. § 2255(f)(1), Mr. Cano had one year from "the date on which the judgment of conviction bec[ame] final" to file his petition. Here, judgment was entered against him on August 27, 2002. Because Mr. Cano did not appeal, his judgment of conviction became final ten days later on September 11, 2002, when his time for appeal expired. Fed. R. App. P. 4(b); Fed. R. App. P. 24(a)(2) (excluding weekends and holidays from time computation). Therefore, Mr. Cano had until September 11, 2003 to file his § 2255 petition. Because he did not file the petition until July 28, 2009, nearly six years late, the district court properly dismissed it as time-barred.

## II. CONCLUSION

Reasonable jurists could not debate whether the district court was correct to dismiss Mr. Cano's habeas petition as untimely. Accordingly, we DENY Mr. Cano's

request for a COA and DISMISS this appeal.  We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge